IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| MATTHEW MARK HESLEP, <br> TDCJ-CID No. 01582892, <br><br> Plaintiff, <br><br> v. <br><br> TDCJ CLEMENTS UNIT, *et al.*, <br><br> Defendants. | § § § § § § § § § § | 2:21-CV-206-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motions") (ECF Nos. 3, 4), filed October 7, 2021 (ECF Nos. 3, 4). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court granted Plaintiff permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DENIES** the Motions.

### FACTUAL BACKGROUND

Plaintiff sues multiple TDCJ Defendants, alleging constitutional violations resulting from the conditions of confinement in the TDCJ Bill Clements Unit and his assignment to the P.A.M.I.D. program for mentally ill prisoners. ECF No. 3 at 1.

### LEGAL STANDARD

A federal court may issue a preliminary injunction to protect a plaintiff's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). A preliminary injunction is

an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted).

To obtain a preliminary injunction, a movant must prove: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt County*, 921 F.3d 440, 451 (5th Cir. 2019) (internal marks omitted). A party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

### ANALYSIS

Plaintiff's claims for injunctive relief — as they may relate to his conditions of confinement at the Bill Clements Unit — are moot, as he was transferred to a different TDCJ unit.[1] A transfer to another jurisdiction moots requests for injunctive relief that would require TDCJ to change their procedures. *See Haralson v. Campuzano*, 356 F. App'x 692, 695–96 (5th Cir. 2009) (holding prisoner's claim for injunctive relief based on his challenge to recreation policies applicable to inmates in the prison infirmary was rendered moot by his transfer from the infirmary; the "capable of repetition, yet evading review exception to mootness" did not apply because the possibility that he would be transferred back to the infirmary was "too speculative to warrant relief"); *Rivera v. Dawson*, No. 05-41565, 2007 WL 1223914 (5th Cir. Apr. 25, 2007); *Tamfu v. Ashcroft*, No. 02-10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002) ("Because Tamfu is no longer incarcerated at

---

[1] *See* TDCJ Online Offender Search website Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail (last accessed August 19, 2022) (listing Plaintiff as confined in the Montford Unit).

the Airpark or Flightline Units, any claims for declaratory or injunctive relief are moot."); *Stewart v. Warner*, Civ. Action No. 14-4759, 2014 WL 3498165, at *3 (E.D. La. July 15, 2014). Because Plaintiff's claims for injunctive relief are moot, the Court no longer has subject-matter jurisdiction to consider those claims.

CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motions.

**SO ORDERED**.

August 23, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE